1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

          Petitioner,

   v.

KEN CLARK, Warden,

          Respondent.

_____/

No. C 09-0934 WHA (PR)

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

**INTRODUCTION**

      This is a federal habeas corpus action filed pursuant to 28 U.S.C. 2254 by a *pro se*
state prisoner.  For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

      In 2005, petitioner pleaded no contest in the Alameda Superior Court to a charge of
possessing cocaine base for sale, and was sentenced to probation.  In 2008, pursuant to a
petition to revoke probation filed by the district attorney, the superior court found that
petitioner violated probation, and sentenced him to five years in state prison.  Petitioner filed
the instant federal habeas action contesting the constitutionality of his parole revocation after

1    being denied relief on state collateral review.[1]

2           Probation was revoked based largely on the testimony of Officer Bergeron.  Bergeron

3    testified at trial that a probation search of petitioner in 2007 yielded a key to a vehicle which

4    contained cocaine, a shotgun, and a rifle (Ans., Exh. 3 at 6–10).

5           As grounds for federal habeas relief, petitioner alleges that (1) his right to due

6    process was violated because he did not have the opportunity to testify on his own behalf or

7    to prove his innocence; (2) he was deprived of his right to a trial by jury; (3) he received

8    ineffective assistance of counsel because counsel did not file a motion for the background

9    records of the arresting officer or a motion to suppress.

10                              **STANDARD OF REVIEW**

11          A federal habeas court will entertain a petition for a writ of habeas corpus "in behalf

12   of a person in custody pursuant to the judgment of a State court only on the ground that he

13   is in custody in violation of the Constitution or laws or treaties of the United States."  28

14   U.S.C. 2254(a).  The court may not grant a petition with respect to any claim that was

15   adjudicated on the merits in state court unless the state court's adjudication of the claim

16   "resulted in a decision that was contrary to, or involved an unreasonable application of,

17   clearly established Federal law, as determined by the Supreme Court of the United States"

18   28 U.S.C. 2254(d)(1).

19          "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

20   court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

21   of law or if the state court decides a case differently than [the Supreme] Court has on a set

22   of materially indistinguishable facts."  *Williams v. (Terry) Taylor*, 529 U.S. 362, 412–13

23   (2000).  "Under the 'unreasonable application clause,' a federal habeas court may grant the

24   writ if the state court identifies the correct governing legal principle from [the Supreme]

25   Court's decisions but unreasonably applies that principle to the facts of the prisoner's

26   case."  *Id*. at 413.

27   _____

28           [1]  This is petitioner's second petition regarding this parole revocation.  In 2008, he filed
a federal habeas petition (08-01484 WHA), which was dismissed later that same year for failure
to exhaust.

**United States District Court**
For the Northern District of California

A federal habeas court may also grant the writ if it concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254 (d)(2).  The court must presume as correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. 2254(e)(1).

The state court decision to which section 2254(d) applies is the "last reasoned decision" of the state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005).  When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Nunnemaker* at 801–06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).  Where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable.  *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an unreasonable application of clearly established federal law.  *Ibid*.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'"  *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

**ANALYSIS**

**1.     Right to Testify and Present a Defense**

Petitioner claims that he was denied his right to testify at his parole revocation hearing and an opportunity to prove his innocence (Pet. at 6).

Before probation may be revoked, a probationer has a due process right to: (1) written notice of the claimed violations; (2) disclosure to the probationer of the

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  evidence against him; (3) an opportunity to be heard in person and to present witnesses and

2  documentary evidence; (4) confront and cross-examine adverse witnesses; (5) a neutral and

3  detached hearing body, and (6) a written statement as to the evidence relied upon and

4  reasons for revoking probation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

5  Petitioner's claim is without merit. The record indicates that petitioner was

6  afforded, but declined, the opportunity to testify and to try to prove his innocence (Ans.,

7  Exh. 2; Exh. 3 at 32). As petitioner was afforded the right to testify (a right he waived), no

8  due process violation occurred. Accordingly, petitioner's claim is DENIED because he has

9  failed to show that there was "no reasonable basis for the state court to deny relief,"

10  *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011), that is, he has not shown that the state

11  court's decision was contrary to, or involved an unreasonable application of, clearly

12  established Supreme Court precedent.

13  **2.      Right to a Jury Trial**

14  Petitioner claims that he was denied his right to a jury trial at his parole revocation

15  hearing (Pet. at 6.B). This claim is foreclosed by caselaw. There is no federal

16  constitutional right to a jury at a probation revocation hearing. *See Gagnon*, 411 U.S. at

17  786–88; *United States v. Seagal*, 549 U.S. 1293, 1298 (9th Cir. 1977).

18  Petitioner also claims that he never pleaded to the 2005 charge of possessing cocaine

19  base for sale (Pet. at 6-B). As evidence, petitioner appends two abstracts of judgment to his

20  petition. The first indicates that in 2005, petitioner was convicted <u>by the state court</u> of

21  possession of cocaine base for sale (Pet. at 9). The second indicates that, also in 2005,

22  petitioner pleaded no contest to willfully evading an officer (*id.* at 8).

23  Petitioner's claim is without merit. First, documents in the record provide evidence

24  that in 2005 petitioner pleaded no contest to cocaine possession (Ans., Exh. 1; Pet. at

25  10–11), and the trial court stated at the parole revocation hearing that petitioner entered a

26  plea in 2005 to a charge of possessing cocaine base for sale (Ans., Exh. 3 at 40). Second,

27  petitioner himself has provided evidence of his no contest plea. Petitioner appended to his

28  petition a waiver of plea, initialed by petitioner, attesting to the fact that he pleaded no

contest in 2005 to a charge of possessing cocaine base for sale (Pet. at 10). Third, even if the abstract of judgment (*id.* at 9) is correct that petitioner was convicted by the court, rather than by plea, the fact remains that petitioner received a sentence of five years of probation for cocaine possession. Furthermore, a petitioner may not collaterally attack, in a challenge to the parole revocation decision, either the original conviction for which probation was imposed or the conviction on which the decision to revoke probation was based. *See United States v. Lustig*, 555 F.2d 751, 753 (9th Cir. 1977). Accordingly, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

**3.     Assistance of Counsel**

Petitioner claims that counsel rendered ineffective assistance when she failed to (1) move for the disclosure of the background records of Officer Bergeron; (2) file a suppression motion; and (3) inform him of hearings (Pet. at 6-C).

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Richter*, 131 U.S. at 788 (citing *Strickland*, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance." *Richter*, 131 U.S. at 787 (quoting *Strickland*, 466 U.S. at 689). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

United States District Court
For the Northern District of California

*Id.* Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. A difference of opinion as to trial tactics does not constitute denial of effective assistance. *See United States. v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).

Petitioner's first claim fails because has not identified any reason that counsel should have asked for Bergeron's background records. Failure to identify such information is a failure to show that trial counsel's performance was deficient, or that the alleged deficiency resulted in prejudice. *See Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997).

Petitioner's second claim fails because he has not stated any reasons that counsel should have filed a suppression motion. In order to succeed on this sort of claim, petitioner must show that there is a reasonable probability that the evidence would have been suppressed, and, consequently, the outcome of the proceeding would have been different. *See Lowry v. Lewis*, 21 F.3d 344, 346–47 (9th Cir. 1991). By failing to articulate a basis for a suppression motion, petitioner has not met this standard.

Petitioner's third claim fails because he fails to specify what hearings counsel allegedly did not inform him about, and how his presence at such hearings creates the reasonable probability that the outcome of the proceeding would have been different. Accordingly, petitioner has not shown that counsel's performance was deficient, or that prejudice resulted. Accordingly, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

## CONCLUSION

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Nor was the decision based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.  Accordingly, the petition is **DENIED**.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: June  13 , 2011

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE